UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM DABNEY,

    Plaintiff,

vs.                                        CASE NO. 3:07cv331/RS/EMT

H.C.A. FORT WALTON BEACH MEDICAL CENTER, et al,

    Defendants.
_____/

### ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Before me is Defendant Fort Walton Beach Medical Center's ("FWBMC") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 15).

### I. STANDARD OF REVIEW

A motion to dismiss should be granted under Rule 12(b)(6) only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). On a motion to dismiss under Rule 12(b)(6), the court's function is not to assess the veracity or weight of the evidence that might be offered in support of the complaint; instead, the court must merely determine whether the complaint is legally sufficient. *See Sherman ex rel. Sherman v. Helms,* 80 F.Supp.2d 1365, 1368 (M.D. Ga. 2000). In ruling on a motion to dismiss, the court must accept all material facts alleged in the complaint as true, and it must construe all reasonable inferences in the light most favorable to the plaintiff. *See Kirby v. Siegelman,* 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam). If the facts alleged in the complaint would allow the plaintiff to recover

under any possible theory, the motion must be denied, regardless of whether they would allow recovery under the particular theory pleaded by the plaintiff. *See Linder v. Portocarrero,* 963 F.2d 332, 336 (11th Cir. 1992).

## II. FACTS

On August 12, 2005, Plaintiff was transported by Emergency Medical Services to Defendant FWBMC after being found on the floor in his home. After examination and tests, it was determined Plaintiff required a neurosurgical consult. Defendant FWBMC had a neurosurgeon scheduled to be on call, but when called for the neurosurgical consult, the neurosurgeon advised he was unable to come in due to illness. Defendant FWBMC had no backup neurosurgeon to cover for the unavailable on-call neurosurgeon. When Defendant FWBMC attempted to obtain consent for an impromptu transfer to three nearby hospitals that had the capacity to stabilize Plaintiff's emergency medical condition, all refused to accept the transfer of the Plaintiff. Defendant FWBMC had no pre-arranged inter-hospital transfer agreement with any nearby hospital.

## III. ANALYSIS

This case involves the Emergency Medical Treatment and Active Labor Act ("EMTALA"). 42 U.S.C. § 1395dd. EMTALA was enacted to prevent "patient dumping," the publicized practice of some hospitals turning away or transferring indigent patients without evaluation or treatment. *Harry v. Marchant*, 291 F.3d 767, 768 (11th Cir. 2002). Courts interpreting EMTALA have noted the statute limits private actions to two situations: (1) when the hospital fails to appropriately screen an individual, and (2) when the hospital releases or transfers an individual without first stabilizing their condition. *Cooper v. Gulf Breeze Hosp., Inc.*, 839 F.Supp. 1538, 1541 (N.D. Fla. 1993) (*citing Power v. Arlington Hosp.,* 800 F.Supp. 1384,

1388 (E.D.Va.1992); *DeBerry v. Sherman Hosp. Ass'n,* 741 F.Supp. 1302, 1305 (N.D.Ill.1990); *see Huckaby v. East Alabama Medical Center,* 830 F.Supp. 1399, 1401-02 (M.D.Ala.1993)). It is the responsibility of a hospital to treat, within its capacity, any individual so as to "stabilize" their condition or arrange for a transfer of the individual to another medical facility. *Id.* (*citing* 42 U.S.C. § 1395dd(b)(1)).

The availability of an on-call physician may be taken into account in determining whether treatment is within a hospital's capacity. *St. Anthony Hosp. v. U.S. Dept. of Health and Human Services*, 309 F.3d 680, 702 (10th Cir. 2002). A hospital did not have the capacity to stabilize a patient when an on-call vascular surgeon refused to perform surgery because he had not performed any surgery in the past 8 to 10 years and felt incapable of conducting the procedure. *Id*.

Here, it was not within Defendant FWBMC's capacity to stabilize the Plaintiff because the on-call neurosurgeon was unavailable due to illness. The statute does not require on a hospital to have a back-up plan when an on-call physician is unavailable. The Defendant FWBMC attempted to transfer Plaintiff to three nearby hospitals, but all refused. The statute does not require that a hospital have a procedure in place guaranteeing transfer of a patient. To be successful under EMTALA, Plaintiff must allege that Defendant FWBMC could have successfully transferred Plaintiff to a reasonably available hospital but did not to take that course of action. Plaintiff does not make such an allegation.

## IV. CONCLUSION

Defendant's Motion to Dismiss (Doc. 15) is **GRANTED**. Plaintiff is granted leave to file an amended complaint no later than November 1, 2007.

**ORDERED** on October 22, 2007.

/S/ Richard Smoak
**RICHARD SMOAK
UNITED STATES DISTRICT JUDGE**