UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

WILLIAM DABNEY,

    Plaintiff,

vs.                                                         CASE NO. 3:07cv331/RS/EMT

H.C.A. FORT WALTON BEACH MEDICAL CENTER, et al,

    Defendants.

_____/

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

    Before me is Defendant West Florida Hospital's ("WFH") Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). (Doc. 16).

**I. STANDARD OF REVIEW**

    A motion to dismiss should be granted under Rule 12(b)(6) only when "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). On a motion to dismiss under Rule 12(b)(6), the court's function is not to assess the veracity or weight of the evidence that might be offered in support of the complaint; instead, the court must merely determine whether the complaint is legally sufficient. *See Sherman ex rel. Sherman v. Helms,* 80 F.Supp.2d 1365, 1368 (M.D. Ga. 2000). In ruling on a motion to dismiss, the court must accept all material facts alleged in the complaint as true, and it must construe all reasonable inferences in the light most favorable to the plaintiff. *See Kirby v. Siegelman,* 195 F.3d 1285, 1289 (11th Cir. 1999) (per curiam). If the facts alleged in the complaint would allow the plaintiff to recover

under any possible theory, the motion must be denied, regardless of whether they would allow recovery under the particular theory pleaded by the plaintiff. *See Linder v. Portocarrero,* 963 F.2d 332, 336 (11th Cir. 1992).

## II. FACTS

On August 12, 2005, Plaintiff was transported by Emergency Medical Services to Defendant H.C.A. Fort Walton Beach Medical Center ("FWBMC") after being found on the floor in his home. After examination and tests, Defendant FWBMC determined Plaintiff required a neurosurgical consult. Defendant FWBMC had a neurosurgeon scheduled to be on call, but when called to come in for the neurosurgical consult, the neurosurgeon advised he was unable to come in due to illness. Defendant FWBMC attempted to obtain consent for an impromptu transfer to Defendant WFH and two other nearby hospitals. Defendant WFH had a neurosurgeon on-call who could provide the needed neurosurgical consult and surgery. Defendant WFH and the other two nearby hospitals refused to accept the transfer of the Plaintiff.

## III. ANALYSIS

This case involves the Emergency Medical Treatment and Active Labor Act ("EMTALA"). 42 U.S.C. § 1395dd. EMTALA was enacted to prevent "patient dumping," the publicized practice of some hospitals turning away or transferring indigent patients without evaluation or treatment. *Harry v. Marchant*, 291 F.3d 767, 768 (11th Cir. 2002). EMTALA requires a participating hospital that has specialized capabilities or facilities to accept an appropriate transfer of an individual who requires such specialized capabilities or facilities if the hospital has the capacity to treat the individual. 42 U.S.C. § 1395dd(g). This is known as the reverse-dumping provision. *St. Anthony Hosp. v. U.S. Dept. of Health and Human Services*, 309 F.3d 680, 702 (10th Cir. 2002). Defendant WFH agrees that it is a participating hospital.

While EMTALA does not define "capacity," it does state "[a]n appropriate transfer to a medical facility is a transfer in which the receiving facility: (i) has available space and qualified personnel for the treatment of the individual, and (ii) has agreed to accept transfer of the individual and to provide appropriate medical treatment." 42 U.S.C. §1395dd(c)(2)(B). Capacity means the ability of the hospital to accommodate the individual requesting examination or treatment of the transferred individual. *St. Anthony Hosp. v. U.S. Dept. of Health and Human Services*, 309 F.3d 680, 701 (10th Cir. 2002). Capacity encompasses such things as numbers and availability of qualified staff, beds and equipment and the hospital's past practices of accommodating additional patients in excess of its occupancy limits. *Id*. The availability of an on-call physician may be taken into account in determining whether treatment is within a hospital's capacity. *Id*. at 702.

Plaintiff alleges only that Defendant WFH had a neurosurgeon on-call who could provide the needed neurosurgical consult and surgery. However, Plaintiff does not allege that Defendant WFH, otherwise, had the capacity, such as available space, to accommodate the Plaintiff.

### IV. CONCLUSION

Defendant's Motion to Dismiss (Doc. 16) is **GRANTED**. Plaintiff is granted leave to file an amended complaint no later than November 1, 2007.

**ORDERED** on October 22, 2007.

                    /S/ Richard Smoak
                    **RICHARD SMOAK**
                    **UNITED STATES DISTRICT JUDGE**